IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Fawn C., Last Initial[1]**,<br><br>    Plaintiff,<br><br>    v.<br><br>**NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:17-cv-1013-YY<br><br>**OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, Oregon 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

United States Magistrate Judge Youlee You issued Findings and Recommendation in this case on October 9, 2018. ECF 21. Magistrate Judge You recommended that the decision of the Commissioner should be reversed and this matter remanded for the immediate calculation and award of benefits with regard to Plaintiff's claim for disabled widow's benefits and that the decision of the commissioner should be reversed and this matter remanded for further proceedings with regard to Plaintiff's claim for disability insurance benefits. For the reasons that follow, this Court ADOPTS Magistrate Judge You's Findings and Recommendation.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

PAGE 2 – OPINION AND ORDER

Defendant timely filed an objection (ECF 23), to which Plaintiff responded. ECF 24. Defendant objects to the portion of Magistrate Judge You's recommendation finding that a remand for immediate calculation and award of benefits on Plaintiff's claim for disabled widow's benefits is appropriate. Defendant further objects to the portion of Magistrate Judge You's recommendation that a remand for further proceedings is necessary to establish Plaintiff's RFC for her disability insurance benefits.

## DISCUSSION

Defendant objects to the Judge You's finding that, as of Plaintiff's 55th Birthday, she met the disability requirements for disabled widows' benefits. Defendant argues, without providing any case law in support, that this Court lacks jurisdiction to remand for an award of benefits, as a matter of judicial economy, where the ALJ's findings demonstrate that the change in Plaintiff's age category would make Plaintiff disabled under the grids. Defendant does not address the cases cited by the Judge You approving the practice of remanding for an award of benefits when changed circumstances evidence that an award of benefits is proper. In *Lounsburry v. Barnhart*, the Ninth Circuit held that "where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner]." 468 F.3d 1111, 1115-1116 (9th. Cir 2006) (quoting *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)). Similarly, in *Treichler v. Commissioner of Social Security Administration,* the Ninth Circuit held that remand for an award of benefits is proper when no useful purpose would be served by further proceedings. 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

Finally, this Court has already addressed this issue head on. In *Alertas v. Colvin*, the plaintiff had reached "advanced age" while her case was pending and, with her RFC of light work, a high school education, and a limitation to unskilled work, under the Medical-Vocational Guidelines she would have been found eligible for benefits. 2014 WL 2703835 at *14 (D. Or.

PAGE 3 – OPINION AND ORDER

June 13, 2014). This Court relied on the Ninth Circuit's decision in *Chavez v. Brown* to find that a change in age constituted changed circumstances when it was outcome determinative under the Guidelines. *See id*. (citing *Chavez v. Brown*, 844 F.2d 691 (9th Cir. 1988)). Thus, in *Alertas*, the Court remanded for an immediate award of benefits based on Plaintiff's change in age. *Id.*

The ALJ determined that Medical-Vocational Rule 202.11 applied to Plaintiff, and under that rule found Plaintiff was not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.11. Rule 202.11 applies to individuals closely approaching advanced age who have a limited education, previous work that was skilled or semiskilled, and no transferable skills. *See id*. When all of these criteria remain the same but Plaintiff's age is changed to reflect her newly-attained advanced age status, the Guidelines mandate a finding of disability. *See id*, at Rule 202.02. Accordingly, it is clear that given Plaintiff's recent change in age categories she is entitled to disabled widows benefits under the Guidelines. Magistrate Judge You was correct to order a remand for an award of benefits.

The Court has considered the remainder of the Magistrate Judge's conclusions regarding Plaintiff's subjective symptom testimony and the medical opinion evidence. The Court concurs with the Magistrate Judge that the ALJ improperly discounted some of Plaintiff's subjective symptom testimony and did not provide specific, legitimate reasons for discounting some of Dr. Gaffield's handling and fingering limitations. Accordingly, the Court agrees with Judge You's recommendation that a remand for further proceedings is required in order to fully develop the record and determine whether Plaintiff's claim for disability insurance benefits is meritorious.

## CONCLUSION

The Commissioner's decision that Plaintiff is not eligible for disability insurance benefits is REVERSED AND REMANDED for further proceedings consistent with this Opinion and

Order. The Commissioner's decision as to Plaintiff's claim for disabled widow's benefits is REVERSED AND REMANDED for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 19th day of November 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge